Raymundo Pacello, Jr., Esq.
John (Jack) A. Barrett, Esq.
"Legal Baller"SM - "Sapere aude"
A PROFESSIONAL LAW CORPORATION
INGERSOLL-TUTTON HISTORIC BUILDING
832 Fifth Avenue, Suites 2, 3, 4, & 5
San Diego, CA 92101
Ph: (619) 531-8831
Fax:(619) 374-2975
Email: legalballer@yahoo.com

Attorneys for Plaintiff,

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| Matthew Anderson | ) **'13CV0253 JM   NLS** |
|---|---|
|  | ) |
| Plaintiff, | ) COMPLAINT FOR CLASS ACTION |
|  | ) |
|  | ) CASE NO: |
| v. | ) |
|  | ) JURY DEMAND |
|  | ) |
| Kimball, Tirey & St. John, and Christine Relph | ) |
|  | ) |
| Defendants. | ) |

Matthew Anderson, complains as follows against Defendants:

**PRELIMINARY STATEMENT**

1. This is an action brought under the FDCPA, 15 U.S.C. §§ 1692k et seq. and seeks, statutory damages, actual damages, punitive damages and attorney's fees.

**INTRODUCTION**

2. At its core, this case is about predatory lending practices, and the biggest fraud ever perpetrated in the U.S. – securitization and the efforts to foreclose on and evict homeowners,

1

Class Complaint – Anderson

mostly using forged and/or fraudulent documents (" robo-signing").

3. The Defendants in this case have participated in fraudulent and deceptive acts, and in so doing, have violated a litany of state and federal securities laws, lending laws, consumer protection laws, and fair debt reporting laws. Plaintiffs, by virtue of this complaint, seek judicial redress for what have heretofore been mostly unchecked bad acts by the Defendants.

4. Notably, many of the parties who actually loaned Plaintiffs money in the first place ("Investors") and many government agencies have filed their own legal actions based at least in part on the very same allegations of predatory lending and criminal acts in connection with the collection of the loans Plaintiff was subjected to.

5. Strangers to the loans wrongfully foreclosed on Plaintiffs' homes. They then prosecuted unlawful detainer suits against Plaintiffs and the other occupants of the homes usually by utilizing fraudulent documents through "unlawful detainer mills" such as Defendants. Such law firms conspired and aided and abetted the other parties in the fraud. These wrongful foreclosures and evictions have resulted in horrific and devastating financial losses to Plaintiffs. Countless suicides and murders during the eviction process have occurred. This action is to seek redress and restore to Plaintiffs, and those similarly situated, the financial security that they had prior to these predatory assaults on their finances.

6. Plaintiffs' loans were securitized. As is typical when a loan is securitized, the funds Plaintiffs borrowed did not come from any source that Plaintiffs could readily identify. Instead, the money came from "Investors," the identity of whom was concealed by those involved in originating the loan ("Originators"). The Investors involved in the pools into which some of Plaintiff's loans were placed have also filed many lawsuits.

7. To further perpetrate the fraudulent scheme, the Mortgage Electronic Registration System ("MERS") was created which has ruined the chain of title on millions of properties

throughout the U.S. Many state and local governments have filed suit and there are countless class actions pending against MERS. (See e.g., legal action by the State Attorney General of Kentucky [2013]; *http://goo.gl/IqkxA*).

7. Securitizers hire law firms such as Defendant, who know or should know collection of loans such as the Subject Loan is improper and routinely conceal information concerning such to the courts. (See, *In Re Nosek* 544 F. 3d 34 (1st Cir. 2008) California Law Firm sanctioned tens of thousands of dollars by Massachusetts's appellate court and reported to the California State Bar).

8. The U.S. Supreme Court has found that these law firms may be held liable under the Fair Debt Collection Practices Act. (See, *Jerman V. Carlisle, Mcnellie, Rini, Kramer & Ulrich Lpa et al*; U.S. Supreme Court, 2010). Subsequent cases have ruled that foreclosure attorneys are liable for falsely claiming that parties to securitization have the right to foreclose when they don't. *Wallace v. Washington Mutual et. al.* (6th Cir. 2012) (http://www.ca6.uscourts.gov/opinions.pdf/12a0197p-06.pdf)

9. The above facts, and far more, are widely stated in legal actions by the Investors, publicized in countless books, articles, movies, and on the Internet such that Defendants knew or should have known of the above facts. To put it succinctly, Defendants and each of them knew or should have known their legal clients had no right to collect the loans. One such attorney has had his license disciplined by the California State Bar to date. (Attorney David Endres, who simply had an associate at his firm take over and continue to engage in the same criminal conduct as has occurred in with other eviction mill law firms throughout the U.S.).

**PARTIES**

10. Plaintiff, Matthew Anderson is an individual residing in San Diego, California.

11. Defendant Kimball, Tirey & St. John, is a law firm, with a principal place of business in San Diego, California.

Class Complaint – Anderson

12. Christine Relph, is an individual attorney, with her principal place of business in San Diego, California.

## JURISDICTION AND VENUE

13. This Court has jurisdiction under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k, and pursuant to supplemental jurisdiction, 28 U.S.C. § 1367. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (c). Plaintiffs' action for declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

## FACTUAL ALLEGATIONS

14. The core of this action arises out of a loan made to Plaintiff ("the Subject Loan"). The funds for the loan were provided by Investors, and fraud was committed in the securitization process as alleged above.

15. The Subject Loans were secured by Plaintiff's home.

16. There was subsequent foreclosure related activity on the Subject Loans that was fraudulent in that forged and/or unauthorized documents were recorded to foreclose ("robo-signing").

17. Plaintiff obtained the Subject Loan. During the closing, loan "Originators" acquired the Subject Loan, evidenced by promissory notes and secured by a trust deed on the home. The terms of the Subject Loan was memorialized in a promissory note. The deed of trust identified various parties as the "lenders". This was false and misleading because, *inter alia,* the funds came from Investors. In agreeing to sign the loan documents and to encumber the Subject Property with a deed of trust, Plaintiffs relied upon promises made by the Originators.

18. The Originators concealed from Plaintiff their intent to securitize the loans and misrepresented the identity of the party providing the funds for his loan, the actual lenders.

19. Assignments of the Deed of Trust were recorded which purportedly assigned the deeds

of trust from the original named "lender" to third parties. These assignments were invalid, and created fraudulently and/or forged.

20. The amounts claimed to be in default were incorrect and/or includes charges not permitted under the loan documents.

21. The Notice of Default ("NOD") states, inter alia: "NOTE(S) FOR THE ORIGINAL [Trust Deed] …are presently held by the undersigned…." This was false. The foreclosing parties did not hold the notes.

22. Defendants, in committing the acts alleged in this Complaint, are engaging in a pattern and practice of unlawful activity.  In making misrepresentations to the courts and pursuing the non-judicial foreclosures and evictions, Defendants represented that their legal client had the right to payment under the Note in connection with the Subject Loans, payment of which was secured by the deed of trust.  Whereas, in fact, the Defendants knew their clients were not in possession of the Note and they were neither holders of the Note or assignees of the Note or trust deed entitled to payment and therefore they were proceeding to foreclose without rights under the law.

23. The final stage of a foreclosure proceeding is a sale of the property through a public auction at which the current beneficial owner of the right to foreclose is the only lawful party who can provide instructions to the trustee on the amount of money to accept at the sale or to "credit bid" up to the amount owed on the loan.  In fact, none of the Defendants, or any of their authorized agents, who have played a part in the non-judicial foreclosure proceedings were entitled to receive payment from the loan proceeds, or title to or possession of the Subject Residence.  The making of the assertion made in the foreclosure proceedings and eviction actions that the beneficiary named on the trust deed is entitled to foreclose and the notices of default and trustee sale based on amounts not properly owing is an act of fraud or deceit within

the meaning of Cal. Civ. Code §2924h.

24. The intent to securitize, the fraudulent acts and omissions involved in the origination, transfers of the Subject Loan, and securitization of the Subject Loan, were concealed from Plaintiff. The lack of authority for persons signing and forgeries on the recorded documents was concealed from Plaintiff.

25. The true facts are that Defendants were/are fully aware that Plaintiff's loan was securitized, and that their clients had no legal right to foreclose, or evict and intentionally concealed this from the Courts in in order to steal the Subject Property.

26. Unlawful Detainer Complaints are required to be verified. Defendants verified the complaints under oath claiming their clients had performed a legal foreclosure and were authorized to foreclose and evict when they had actual knowledge such was not true, defrauding the Plaintiff, the courts, and the public at large.

## CLASS ALLEGATIONS

27. This Class Action is being filed by Plaintiff, pursuant to Federal Rule of Civil Procedure 23 on behalf of himself and others similarly situated as against the defendant law firm and attorneys within the meaning of the Fair Debt Collection Practices Act ("FDCPA"), and the Rosenthal Act.

28. The Law Firm Defendants are debt collectors within the meaning of the FDCPA and Rosenthal Act.

29. Plaintiff brings this action on behalf of himself and all other persons similarly situated, as members of a proposed Plaintiff Class. The class that Plaintiff seeks to represent is defined as:

> All persons that have been named defendants in unlawful detainer actions by Defendants, where the plaintiff was a purported named beneficiary on a deed of trust

Class Complaint – Anderson

or it's purported successor in interest in the state of California.

30. This action has been brought and may properly be maintained as a class action under Rule 23 of the Federal Rules of Civil procedure.

31. This Court may maintain these claims as a class action pursuant to Fed. R. Civ. P. 23(b)(1), 23(b)(2), 23(b)(3), and/or 23(c)(4)(A).

32.     Existence of an Identifiable Class - The proposed Class definition is sufficiently definite so that it is administratively feasible for the Court to determine whether a particular individual is a member. Members of the Class may be identified from records maintained by Defendants, various court records and by reviewing the named plaintiffs and defendants in all actions filed by the Defendants.

33.     Numerosity of the Class - Fed. R. Civ. P. 23(a)(1): The members of all Classes are so numerous that joinder of all members is impracticable.  The precise number of Class members and their addresses are unknown to Plaintiff, but can be obtained from Defendants and from various court records. Class members can be notified of the pendency of this action based on those records, or by any means used by the defendants to notify them of the underlying unlawful detainer suits. The disposition of the claims of the Class members in a single action will provide substantial benefits to all parties and the Court.

34.     Existence of Common Questions of fact and Law - Fed. R. Civ. P. 23(a)(2) Plaintiff, as a Class Representative alleges that the questions of law and fact relating to his claims are common to the claims of the class and the claims predominate over any questions affecting solely individual members, in satisfaction of rule 23(a)(2). These common legal and factual questions include:

Whether defendant debt collectors, by collecting the loans and foreclosing and filing unlawful detainer actions, and evicting plaintiff without having an assignment and/or

Class Complaint – Anderson

possession of the promissory note, without a proper assignment of the trust deed mortgage, creating and using improper documents created by them to foreclose, and when they knew or should have known of the fraudulent scheme involved in securitization have violated:

- the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692et. seq. by engaging in unfair and unlawful debt collection practices.

- the California Civil Code § 1788 - California Rosenthal Fair Debt Collection Practices Act; and/or California Civil Code § 2924h; and/or

- California Business and professions Code § 17200.

- Whether Plaintiff and Class members have been injured by defendant's conduct;

- Whether Plaintiffs and Class members are entitled to compensatory damages, and the amount of such damages; and

- Whether Plaintiff and Class members are entitled to statutory damages and the amount of such damages.

- Whether Plaintiff and Class members are entitled to legal costs and fees.

35.     Typicality - Fed. R. Civ. P. 23(a) (3): Plaintiff's claims are typical of the claims of the Class because defendants initiated suit against him without having an assignment of the note and mortgage, creating fraudulent documents to foreclose, and when they knew or should have known about the fraudulent recorded documents and scheme of securitization. Furthermore, all members of the Class are similarly affected by defendants' wrongful conduct.

36.     Adequacy - Fed. R. Civ. P. 23(a) (3) (4): Plaintiff is an adequate representative of the Class because Plaintiffs' interests overlap and are not in conflict with the interests of the Class. Plaintiff has retained counsel competent in complex litigation, and Plaintiff intends to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiff and his counsel.

37. The class may be certified pursuant to Fed. R. Civ. P. 23(b)(1). Class certification is appropriate pursuant to Rule 23(b)(1) because the prosecution of separate actions by individual members of the classes would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants and/or because adjudications respecting individual members of the classes would be a practical matter, be disparities of the interests of the other members or would risk substantially impairing or impending their ability to prosecute their interests.

38. The class may be certified pursuant to Fed. R. Civ. P. 23(b)(2). Class certification is appropriate pursuant to Rule 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to all members of the class, thereby making final injunctive relief or declaratory relief as a whole appropriate. Plaintiffs and members of the Class have suffered, and will continue to suffer, harm and damages as a result of Defendants' unlawful and wrongful conduct.

39. The class may be certified pursuant to Fed. R. Civ. P. 23(b)(3). A class action is superior to other available methods for the fair and efficient adjudication of the controversy under Rule 23(b)(3). Absent a class action, most members of the Class likely would find the cost of litigating their claims to be prohibitive, and will have no effective remedy at law. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

### FIRST CAUSE OF ACTION
### *Violation of the FDCPA, 15 U.S.C. § 1692*
### *(Against All Defendants)*

40. Plaintiffs hereby incorporate the preceding paragraphs by reference as though fully set forth herein.

41. Except for the Defendant debt collectors named in this cause of action above, Defendants have concealed the roles of the parties and Plaintiff is unsure who the other "debt collectors" of the loan are.

42. Federal law (the FDCPA) prohibits the use of "any false, deceptive or misleading representation or means in connection with the collection of any debt..."

43. In making misrepresentations to the court to aid and abet their clients in foreclosing on Plaintiff's home, the Defendants:

    a. made false, deceptive and misleading representation concerning their standing to sue the plaintiffs and the interest in the debt;

    b. falsely represented the status of the debt, in particular, that it was due and owing to defendants at the time suit was filed;

    c. falsely represented or implied that the debt was owing to defendants as an innocent purchaser for value, when in fact, such assignment had not been accomplished;

    d. threatened to take action, namely engaging in collection activities and collection and foreclosure proceedings as trustees that cannot legally be taken by them, and

44. Securitizers discovered that that the assignments and proper documents to collect the Subject Loans could not actually be located. To solve the problem of missing assignments, and other documents, new assignments were made and recorded. Most of these Assignments including those allegedly affecting the notes and mortgage for Plaintiff's residence contained false statements. The Assignments were prepared by specially selected law firms and companies that specialized in providing "mortgage default services" to banks and mortgage companies and which is the subject of many pending criminal investigations. It is now well established that law firms, including Defendants also "robo-signed" by, *inter alia*, signing the verifications required in Unlawful Detainer actions and other court documents.

45. Assignments were prepared to conceal that no valid or proper assignments of the

promissory notes or trust deeds ever occurred.

46. The foregoing acts and omissions of Defendants constitute violations of the FDCPA, including, but not limited to, 1692c, 1692d, 1692e, 1692f, 1692g, and 1692i.

47. Plaintiff is entitled to recover equitable relief, statutory damages, actual damages, reasonable attorney's fees, and costs.

## SECOND CAUSE OF ACTION

## VIOLATION OF CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT ("Rosenthal Act")

## California Civil Code § 1788, et seq.

(Against All Defendants)

48. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in the above paragraphs of the Complaint herein as though set forth in full.

49. Attorney "Debt collectors" named in this cause of action are subject to the Rosenthal Act.

50. Defendants' actions constitute a violation of California Civil Code § 1788 et seq., also known as the Rosenthal Act, in that they threatened to take actions prohibited by law, including, without limitation: falsely stating the amount of a debt; increasing the amount of a debt by including amounts not permitted by law or contract; improperly foreclosing upon the Subject Residence; and using unfair and unconscionable means in an attempt to collect a debt.

51. Defendants' misconduct has caused Plaintiff to suffer actual damages.

52. As a result of Defendants' misconduct, Plaintiff is entitled to actual damages and statutory damages in an amount to be determined at trial. Moreover, said Defendants' misconduct was willful, malicious, and outrageous, and therefore punitive damages are warranted and demanded. These remedies under the Rosenthal Act are cumulative under *Gonzalez v. Arrow Financial Services, LLC*, — F.3d —, 2011 WL 4430844 (9th Cir Sept. 23,

2011).

53. Pursuant to the controlling contractual document(s) and applicable law, Plaintiff is entitled to recover costs and reasonable attorneys' fees.

## THIRD CAUSE OF ACTION

## VIOLATIONS OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200

**(**Against All Defendants)

54. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained above of the Complaint as though set forth in full.

55. Defendants committed unlawful, unfair and/or fraudulent business practices, as defined by California Business & Professions Code § 17200, by engaging in unlawful, unfair and fraudulent business practices as alleged herein.

56. As a result of Defendants' misconduct, Plaintiff has suffered various damages and injuries according to proof at trial.

57. Plaintiff seeks injunctive relief enjoining Defendants from engaging in unfair business practices described herein.

58. Plaintiff further seeks restitution, disgorgement of sums wrongfully obtained, costs of suit, reasonable attorneys' fees, and such other and further relief as the Court may deem just and proper.

## FOURTH CAUSE OF ACTION

## NEGLIGENT MISREPRESENTATION

**(Against All Defendants)**

59. Defendants represented to Plaintiff and the courts that important facts were true. The facts were not true and Defendants had no reasonable basis for claiming they were true at the time they made them.

60. Defendants intended that Plaintiff rely on the facts.

61. Plaintiff reasonably relied on the facts until discovering they were false.

62. Plaintiff was damaged.

## PRAYER

WHEREFORE, Plaintiff prays for judgment and order against Defendants, inclusive, as follows:

1. Declaratory judgment that defendants' conduct violated the FDCPA and an injunction prohibiting such acts in the future;
2. An award of compensatory damages;
3. An award of pre-judgment and post-judgment interest;
4. Awarding Plaintiff his costs and expenses in this litigation, including reasonable attorneys' fees and expenses pursuant to 15 U.S.C. §§ 1692k;
5. An order awarding Plaintiff and the Class damages and other compensatory relief as the Court deems proper in the maximum amount allowed by law; including but not limited to actual damages, statutory damages pursuant to 15 U.S.C. § 1692k, and disgorgement, and injunctive relief under California's common and statutory law of unfair business practices
6. Any other further legal and/or equitable relief to which Plaintiff might be entitled at law or which the Court deems proper, according to proof,
7. Exemplary or punitive damages as may be necessary and appropriate to punish and deter any reprehensible or intentional misconduct.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

Dated:     January 31, 2013              s/Raymundo Pacello