Karl P. Schlecht, Bar #182294
Erik S. Velie, Bar #252446
Kimball, Tirey & St. John LLP
555 South Flower Street, #3400
Los Angeles, CA 90071
Telephone: (213) 337-0050
Facsimile: (213) 929-2212

Attorneys for Defendants,
Kimball, Tirey & St. John LLP,
and Christine Relph

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Matthew Anderson,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Kimball, Tirey & St. John LLP, and Christine Relph<br><br>　　　　Defendants. | Assigned to: Judge Jeffrey T. Miller<br>Referred to: Magistrate Judge Nita L. Stormes<br><br>Case No. 3:13-cv-00253-JM (NLS)<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Filed concurrently with:<br>　- [Proposed] Order; and<br>　- Certificate of Interested Parties]<br><br>Date: April 8, 2013<br>Time: 10:00 a.m.<br>Courtroom: 5D<br><br>**Original Complaint Filed:**<br>January 31, 2013 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE** that on the date and time set forth above or as soon thereafter as counsel may be heard in Courtroom 5190 of the above-entitled court, located at 940 Front Street, San Diego, California 92101-8917. Defendants, Kimball, Tirey & St. John LLP, and Christine Relph (hereinafter "Defendants") will, and do hereby, move the Court to dismiss Plaintiff's Complaint.

Defendants bring this motion to dismiss Plaintiff's Complaint on each of the following grounds:

1. The Complaint should be dismissed for failure to state a claim for which relief may be granted as to each cause of action.

Notice of this motion has been given to Plaintiff.

The motion will be based on this notice of motion and the memorandum of points and authorities served and filed herewith; on the records and file herein, and on such evidence as may be presented at the hearing of the motion.

DATED: February 19, 2013            KIMBALL, TIREY & ST. JOHN LLP

By: _____
Karl P. Schlecht
Erik S. Velie
Attorneys for Defendants,
Kimball, Tirey & St. John LLP, and
Christine Relph

---

1

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Class Plaintiff, Matthew Anderson ("Plaintiff") seeks damages against Kimball Tirey & St. John, LLP and Christine Relph (collectively, "KTS") for (1) violation of the Fair Debt Collection Practices Act, under 15 U.S.C. §1692; (2) violation of the California Rosenthal Fair Debt Collection Practices Act pursuant to Civil Code §1788, et seq.; (3) violations of California Business & Professions Code §17200; and (4) Negligent Misrepresentation. Although Plaintiff seeks redress for the claims alleged above, each and every act for which Plaintiff seeks recovery is barred by the litigation privilege under California Civil Code §47(b)(2).

Even if the litigation privilege did not apply, Plaintiff has still failed to state a cognizable claim against Defendants as the allegations made within the Complaint lack sufficient factual merit to state a cognizable legal claim. A Federal Rule of Civil Procedure ("FRCP") 12(b)(6) "[d]ismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." (Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984).) Accordingly, the Court should grant this motion to dismiss for failure to state a claim for which relief may be granted.

## II.

## THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED

### A. Plaintiff's Claims Are Barred by the Litigation Privilege

At its core, Plaintiff's complaint seeks damages against KTS, for KTS's representation of their clients. The Complaint seeks damages against KTS under California and Federal Fair Debt Collection Practices laws ("RFDCPA" and "FDCPA", respectively), Business and Professions Code §17200 and for Negligent Misrepresentation. (See Complaint, ¶¶ 40-59)

Under California Civil Code §47(b)(2) communications made in any judicial proceeding are privileged. As set forth in the complaint, all of KTS' actions occurred in anticipation of litigation or during litigation and are absolutely privileged under Civil Code §47 and California Case law. (Complaint, ¶¶ 2-23 and 40-59)

Indeed, the principal purpose of §47(2) is to afford litigants and witnesses the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions . . . §47(2) promotes the effectiveness of judicial proceedings by encouraging "open channels of communication and the presentation of evidence" in judicial proceedings. Since the "external threat of liability is destructive of this fundamental right and inconsistent with the effective administration of justice", courts have applied the privilege to eliminate the threat of liability for communications made during all kinds of truth-seeking proceedings: judicial, quasi-judicial, legislative and other official proceedings. (Silberg v. Anderson, 50 Cal. 3d 205, 213 (Cal. 1990) [Citations omitted].)

"The absolute privilege of Civil Code §47, subdivision 2, has been held to apply when (1) the publication is made in a judicial proceeding, (2) has some logical relation to the action, (3) was made to achieve objects of the litigation, and (4) involved litigants or other participants authorized by law. [Citations.]" (Cayley v. Nunn (1987) 190 Cal.App.3d 300, 303.) The privilege of Civil Code §47(b), relating to privilege of publications made in judicial proceedings, is based on the desire of the law to protect attorneys in their primary function--the representation of a client, and on the consideration that in all but an infinitesimal number of cases attorneys who make false statements shielded by the privilege can be sanctioned through disciplinary channels or by way of contempt proceedings. (Smith v. Hatch, (1969, Cal App 1st Dist) 271 Cal App 2d 39.)

Here, Plaintiff alleges that it is entitled to damages under the Complaint because:

///

(1) Defendants' acted as an "unlawful detainer mill" for third parties (Complaint, ¶ 5);

(2) Defendants made "misrepresentations to the courts and pursuing the non-judicial foreclosures and evictions, Defendants represented that their legal client had the right to payment under the Note in connection with the Subject Loans, payment of which was secured by a deed of trust" (Complaint, ¶ 22);

(3) Defendants made "false, deceptive and misleading representations concerning their standing to sue the plaintiffs and the interest in the debt" (Complaint, ¶ 43);

(4) Defendants "falsely represented the status of the debt, in particular, that it was due and owing to defendants at the time suit was filed" (Complaint, ¶ 43);

(5) Defendants "falsely represented or implied that the debt was owing to defendants as an innocent purchaser for value, when in fact, such assignment had not been accomplished (Complaint, ¶ 43);

(6) Defendants "threatened to take action, namely engaging in collection activities and collection and foreclosure proceedings as trustees that cannot legally be taken by them" (Complaint, ¶ 43); and

(7) Defendants "falsely stating the amount of the debt; increasing the amount of a debt by including amounts not permitted by law or contract; improperly foreclosing upon the Subject Residence; and Using unfair and unconscionable means in an attempt to collect a debt" (Complaint, ¶ 50).

These actions, however, are all publications made during a judicial proceeding and covered by Civil Code §47(b) as each of the purported violations stemmed from actions taken within the judicial proceeding or to initiate a judicial proceeding. (See e.g. Rusheen v. Cohen, (2006) 37 Cal. 4th 1048, 1065.)

///

Furthermore, these purported allegations all took place during Defendants' representation of the client during litigation, which is also privileged even if the statements are false or malicious in nature as set forth below. (Smith v. Hatch, (1969, Cal App 1st Dist) 271 Cal App 2d 39; O'Keefe v. Kompa, 84 Cal.App. 4th 130 (Cal. Ct. App. 2000.)

Civil Code §47(b) states any publication or broadcast made in the course of a judicial proceeding is privileged. Since its inception, however, the litigation privilege afforded by Civil Code §47(b) has been expanded to bar virtually all tort actions based on any publication or broadcast made in the course of a judicial proceeding. (Id.). Moreover, the scope of "publication or broadcast" includes noncommunicative conduct like the filing of liens. (Id.) The privilege also applies to conduct or publications occurring outside the courtroom, to conduct or publications which are legally deficient for one reason or another, and even to malicious or fraudulent conduct or publications. For policy reasons, even an act committed fraudulently or with malice is privileged under Civil Code §47(b).

Though, there is a split amongst 9th Circuit district courts regarding the application of the litigation privilege to fair debt collection claims, good cause exists here to extend the litigation privilege to Plaintiff's claims against KTS. In Nickoloff v. Abramson, 511 F. Supp. 2d 1043(C.D. 2007), the defendants filed an arbitration claim against the plaintiff in order to collect a debt. The plaintiff then filed an action against the defendant under the FDCPA and RFDCPA. Ultimately, the court held that because the complaint only included communications which occurred *within the arbitration proceedings*, the litigation privilege applied to bar the claims. Nickoloff, *supra* at 1045. Similarly, all of Plaintiff's allegations arise out of KTS' conduct in the judicial proceedings while working as an "unlawful detainer mill" as alleged by Plaintiff within the Complaint. (Complaint, ¶ 5.) Accordingly, because all of the acts took place in the course of and during litigation Plaintiff's claims should be barred under the litigation privilege, whether or not the

4

allegations were committed fraudulently or with malice. (Civil Code §47(b).)

### B. Plaintiff has Failed to State Sufficient Facts Alleged Under a Cognizable Legal Theory

In addition to the fact that Plaintiff's claims are barred under California Civil Code §47(b)(2), Plaintiff has failed to state sufficient facts to allege a cognizable legal theory as all claims made under the Complaint are either conclusory allegations, legal characterizations, unreasonable inferences or unwarranted deductions of fact. A Federal Rule of Civil Procedure ("FRCP") 12(b)(6) "[d]ismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." (Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984).)

In determining a Rule 12(b)(6) motion, a court accepts as true only the well pleaded facts, not conclusory allegations, legal characterizations, unreasonable inferences or unwarranted deductions of fact. Halkin v. VeriFone Inc. (In re VeriFone Sec. Litig.), 11 F.3d 865, 868 (9th Cir. 1993) (conclusory allegations of law and/or unwarranted inferences insufficient to defeat a motion to dismiss.)

Plaintiff's Complaint provides no detail regarding how and in what manner KTS violated fair debt collection practices, Business & Professions Code §17200, et seq. or committed acts in support of a claim for negligent misrepresentation. (*See* Complaint, ¶¶ 2-5) Plaintiff's Complaint does nothing except allege "violations" of collection laws and make conclusory statements of unlawful and fraudulent practices, however, the Complaint provides no guidance for the manner in which any of the alleged said violations occurred. (Id.)

Accordingly, Plaintiff's scant factual allegations clearly fall under the rubric of "conclusory allegations, legal characterizations, unreasonable inferences or unwarranted deductions of fact" and KTS is unable to prepare an answer to sufficiently address Plaintiff's claims. (Halkin v. VeriFone Inc. (In re VeriFone Sec. Litig.), 11 F.3d 865, 868 (9th Cir. 1993).)

## III.

## PLAINTIFF HAS FAILED TO PLEAD SUFFICIENT FACTS THAT WOULD SATISFY EVEN THE MOST LIBERAL PLEADING STANDARD UNDER *BELL ATLANTIC*

Although Plaintiff's failure to set forth specific facts under a cognizable legal theory eliminates the need to look further into her pleadings, it should also be noted that the allegations in the Complaint fall far short of the minimum pleading standard recently articulated in Bell Atlantic. Bell Atlantic, held that to comply with FRCP 8(a), a complaint must contain enough factual matter, taken as true, to suggest that the elements of the claim are met. (Bell Atlantic Corp. v. Twombly, (2007) 127 S.Ct. 1955, 1965.) "When the allegations in a complaint, however true, could not raise a claim or entitlement to relief, 'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.'" (Id at 1966 [citation omitted]). To proceed with a claim, the complaint must contain enough facts to state a claim for relief that is plausible on its face. Id at 1964-65. The formulaic recitation of the elements of a claim is insufficient and a plaintiff's "entitlement to relief requires more than labels and conclusions." Id at 1964-65. Indeed, a plaintiff must allege sufficient facts to raise the claim above the speculative level. Id.

Plaintiff's Complaint does not meet the Bell Atlantic, standard. The Complaint alleges virtually no facts beyond the summary conclusion that Plaintiff somehow violated one or more collection practices laws, violated Business & Professions Code §17200, et seq., or committed a negligent misrepresentation. KTS is left to guess how, when and where said violations or misrepresentations occurred given the minimal, conclusory and vague allegations contained in the Complaint. Therefore, KTS respectfully asks this Court to follow the rule in Bell Atlantic, and dismiss this meritless action.

///

## IV.

## <u>IN THE ALTERNATIVE, THIS COMPLAINT IS SO VAGUE AND AMBIGUOUS AS TO WARRANT AN ORDER THAT THE PLAINTIFF PROVIDE A MORE DEFINITE STATEMENT</u>

As demonstrated above, the Complaint is so vague and ambiguous an answer cannot be properly formulated. Under FRCP 12(e) this court may require, as an alternative to outright dismissal, that the Plaintiff provide a more definite statement when the complaint is so vague and/or unintelligible as to make it impossible to ascertain the nature of the claim being asserted. (<u>Famolare, Inc. v. Edison Bros. Stores, Inc.</u>, (ED CA 1981) 525 F. Supp. 940, 949; <u>Bureerong v. Uvawas</u>, (CD CA 1996) 922 F. Supp. 1450, 1461.)

As discussed above, Plaintiff only provides vague and conclusory facts to support her claims. Accordingly, if this Court finds that this complaint should not be dismissed, the Court should order that Plaintiff provide a more definite statement.

## V.

## <u>THE COURT SHOULD DENY PLAINTIFF LEAVE TO AMEND</u>

Generally, leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay. <u>Ascon Properties, Inc. v. Mobil Oil Co.</u>, 866 F.2d 1149, 1160 (9th Cir. 1989). Here, Plaintiff should not be granted leave to amend his complaint as to his claims against KTS. Indeed, it is clear from Plaintiff's complaint that his only claims against KTS relate to KTS' involvement in acts that are absolutely privileged under California <u>Civil Code</u> §47(b)(2). Accordingly, Plaintiff's claims against KTS should be dismissed without leave to amend.

///
///
///

## VI.
## **CONCLUSION**

Given the foregoing, it is requested that this Court dismiss the original complaint with prejudice as to KTS.

DATED: February 19, 2013

*Respectfully submitted,*

KIMBALL, TIREY & ST. JOHN LLP

By: _____
Karl P. Schlecht
Erik S. Velie
Attorneys for Defendants, Kimball, Tirey & St. John LLP, and Christine Relph

# PROOF OF SERVICE BY MAIL

I, Kristyann Brodecki, declare:

I am, and was at the time of service of the papers herein referred to, over the age of eighteen (18) years, and not a party to the within action. I am employed in the County of Los Angeles, California, in which county the within-mentioned mailing occurred. My business address is 555 South Flower Street, Suite 3400, Los Angeles, CA 90071.

On February 19, 2013, I served the following document(s):

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

on the following parties:

Raymond Pacello, Jr
A Professional Law Corporation
832 Fifth Avenue
Suites 2-5
San Diego, CA 92101
Email: legalballer@yahoo.com

XX    **(BY MAIL)** I placed a true and correct copy of the document(s) in a sealed envelope addressed as follows and I caused the envelope to be deposited in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 19, 2013, at Los Angeles, California.

Kristyann Brodecki