Raymundo Pacello, Jr., Esq. SBN 207694
LEGAL BALLER LAW FIRM
Ingersoll-Tutton Historic Building
832 Fifth Ave., Suites 2-5
San Diego, Ca. 92101
Phone: 619-531-8831
Fax:    619-374-2975
E-mail:legalballer@yahoo.com

Attorneys for Plaintiff, MATTHEW ANDERSON

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Matthew Anderson | ) |
| | ) CASE NO.: |
| Plaintiff, | ) |
| | ) PLAINTIFF'S OPPOSITION TO |
| | ) DEFENDANT'S MOTION TO |
| v. | ) DISMISS PURSUANT TO F.R.C.P. |
| | ) 12(b)(6); MEMORANDUM OF POINTS |
| | ) AND AUTHORITIES IN SUPPORT |
| | ) THEREOF |
| Kimble, Tirey & St. John, et. al. | ) |
| | ) |
| | ) |
| Defendants. | |

## I.

## INTRODUCTION

Plaintiff's class action is being prosecuted via quite the detailed operative pleading in the above entitled matter. As is not uncommon, Defendants failed to consider filing an Answer and chose to file the token Motion to Dismiss under F.R.C.P. 12(b)(6). The salient error here, however, is the glaringly obvious bromide of law that Defendants' sole substantive argument known as the litigation privilege is, well, without "any legal merit whatsoever." To wit: plaintiff will show why that is *hoc modo*:

///

## II.

## POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff begins with the predicate gainsay that **"A motion to dismiss for failure to state a claim is viewed with disfavor, and is <u>rarely granted</u>."** (Emphasis added; internal quotations omitted); <u>Hall v. City of Santa Barbara</u> (9th Cir. 1986). 833 F.2d 1270, 1274.  Summarily; therefore, defendants' motion should be denied.

Proceeding then to the purported substantive argument Defendants raise in their opposition, plaintiff immediately notes the legal proposition that: Litigation immunity does <u>not</u> protect attorneys from Fair Debt Collection Practices Act (hereafter "FDCPA").  Debt collection attorneys have long attempted to defend themselves from FDCPA claims arising out of prior state court litigation by arguing their activities are protected by litigation immunity, the First Amendment, or the <u>Noerr-Pennington</u> doctrine.

Regardless of the categorization or nomenclature used to describe it, Courts have uniformly rejected the argument holding that none of these immunities protect attorneys against FDCPA claims.  All the circuit courts that have considered the issue have rejected claims that parties are protected by litigation immunity, whether based on state law, or the First Amendment.  The Fourth Circuit noted that "**Congress addressed the issue of immunity expressly and extended it only so far as the (bona fide error defense) specifically set forth in the statute** (15 U.S. C. §1692k). <u>Sayyed v. Wolpoff & Abramson</u> (4th Cir. 2007).485 F.3d 226, 232-233. All other courts, including those in California have reached the same result.  <u>Welker v. Law Office of Horwitz</u>, (S.D. Cal. 2009) 626 F.Supp.; <u>Oei v. N. Star Capital Acquisitions LLC</u>, 486 F.Supp.2d 1089 (C.D. Cal.)  (under Supremacy Clause, state law **litigation privilege cannot supersede**

**FDCPA liability**); Reyes v. Kenosian & Miele, L.L.P., 619 F.Supp.2d 796 (N.D. Cal. 2008).

Moreover, in recent litigation in the wake of the "Too Big To Fail" banks *mantra*, Courts have repeatedly rejected immunity for attorneys. Akar v. Federal Nat'l Mortgage Ass'n, (D. Mass. December 1, 2011) 2011 WL 6288055; Loftis v Credit Acceptance Corp., (E.D. Arkansas Mar. 18, 2011) 2011 WL 3664287 (**FDCPA preempts Arkansas statute providing broad lawyer immunity from suit**); Stone v. Washington Mutual Bank (N.D. Ill. Aug. 19, 2011) 2011 WL 3678838; Beck v. Wells Fargo Bank N.A., (E. D. Pa. Aug. 19, 2011) 2011 WL 3664287.

Although the U.S. Supreme Court did not specifically address the immunity issue, it's recent decision holding attorneys liable in mortgage collection cases despite the "bona fide error doctrine" comports with the foregoing case law holdings. In Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich L.P.A., (2010) 130 S. Ct. 1605 a law firm sought to foreclose for the now infamous "Countrywide". The lawyers simply sent a letter, which was technically violative of the FDCPA. The defendant law firm argued it was a *good faith accident*, thus falling under the exception of the FDCPA for bone fide good faith errors. In rejecting this contention, the Court held essentially that **"ignorance of the law is no excuse"**, especially for lawyers. Succinctly stated, the court held since the FDCPA is a strict liability statute, attorneys are strictly liable for violations thereof. The conduct in Jerman is far less culpable than Defendants' actions herein described; therefore, it is more legally preponderant than not that the defense raised is, candidly, no defense *t'all.*

As if the foregoing was not enough of a legal death knell, our own U.S. Supreme Court has equally rejected the notion that there is some amorphous "implicit exemption for litigation activities." Heintz v. Jenkins *(1995)* 514 U.S. 291. Any contrary conclusion in the case at bar would nothing short of an immediately appealable *non-sequitur*.

3
OPPOSITION TO MOTION TO DISMISS - ANDERSON

**1**  Likewise, even under California State Law, an attorney performing unlawful detainers and other collection work which constituted 40%-50% of her total practice area was, of course, liable under the FDCPA. Riley v. Giguiere, (E.D. Cal. 2009). 631 F. Supp. 2d 1295. See also Newman v. CheckRite California, Inc. 912 F.Supp. 1354 (E.D. Cal. 1995) for the proposition that the FDCPA **applies to lawyers engaged in litigation**; and Irwin v. Mascott (N.D. Cal. 2000) 94 F.Supp.2d 1052. Consequently, defendants' opposition is without any legal merit whatsoever and should be denied forthwith.

### III.

### DEFENDANTS RELIANCE ON *NICKOLOFF* IS MISPLACED

Defendant wrongly asserts there is a split of California authority regarding the application of the privilege to the FDCPA citing Nickoloff v. Abramson 511 F.Supp. 1043. This is not true. In the Nickoloff, the court held that the claims under the state law, Rosenthal Act were barred for *arbitration proceedings*, but did not address the privilege with respect to the federal FDCPA claims. While there may be a split in California over whether ***Rosenthal Act*** claims are barred with respect to arbitrations, there is no such split when it comes to eviction attorneys. In fact, in the first published California Appellate decision, it was held that the statutory claims are not barred. Komarova N. National Credit Acceptance, Inc. 175 Cal.App.4th 324 (2009).

The defendant tries to make it sound like the plaintiff is relying solely on eviction proceedings. He is not. Of course there were the usual pre-filing eviction notices and the foreclosure proceedings. There is no split of authority with respect to attorneys pursuing foreclosures. The Supreme Court has settled the issue in the recent Jerman decision.

The law is clear that eviction attorneys are liable. Riley v. Giguiere 2008 WL 436943 (E.D. Cal. Feb. 14, 2008). They are liable for pre-filing eviction notices as well. Romea v. Heiberger & Associates 163 F.3d. 111 (2nd Cir. 1998).

# IV

# CONCLUSION

A counselor duly licensed to practice law in California may ponder why Defendants even filed such a motion in the first place given the law articulated hereinabove. Quizzically, it strains the letter and spirit of California Rule of Professional Conduct 5-200(b)—classically paraphrased as "Thou shalt not commit a fraud upon the tribunal!" For if opposing counsel failed to cite and/or distinguish controlling legal authority, it would seem curiously tantamount to attempting to misrepresent the law to the Court, which should be met with a skeptical judicial eye.

In sum, based on the law and analysis set forth herein, plaintiff respectfully implores this Honorable Court deny Defendants' Motion to Dismiss *in toto* and order them to Answer plaintiff's Complaint on the merits in due and swift time.

Venerably submitted this 7th day of March, year 2013 in the County of San Diego, State of California.

**LEGAL BALLER LAW FIRM**

\_\_\_\_\_/s/_____

**Raymundo Pacello, Jr.**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28