UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| MATTHEW ANDERSON, individually and on behalf of others similarly situated,<br><br>        Plaintiff,<br>vs.<br><br>KIMBALL, TIREY & ST. JOHN LLP, AND CHRISTINE RELPH,<br><br>        Defendants. | Case No.: 3:13-CV-253-JM (NLS)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND** |
|---|---|

On January 13, 2013, Plaintiff Matthew Anderson filed a class action complaint against Kimball, Tirey, & St. John LLP ("KTSJ"), a law firm, and Christine Relph, a KTSJ associate, (together, "Defendants") alleging four claims related to Defendants' allegedly unfair debt collection practices. On February 19, 2013, Defendants submitted a motion to dismiss Anderson's complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim. In the alternative, Defendants move for an order requiring that Anderson provide a more definite statement. For the following reasons, the court GRANTS Defendants' motion to dismiss with leave to amend.

## I. BACKGROUND

Plaintiff Matthew Anderson is an individual residing in San Diego, California who took out a loan ("Subject Loan") to purchase a home. Compl. ¶¶ 10, 14. The location of the home, the amount paid for the home, the Subject Loan amount, the Subject Loan's interest rate, the lender, the date of purchase, and other pertinent facts about Anderson's home and the Subject Loan are not specified in the complaint. The terms of the Subject Loan were memorialized in a promissory note ("Note"), but Anderson has not provided the court with a copy of the Note. Id. ¶ 17.

Anderson claims that investors provided the funds for the Subject Loan. Id. ¶¶ 14, 15. Anderson further contends that the Originators "concealed from [him] their intent to securitize the loans and misrepresented the identity of the party providing the funds for his loan, the actual lenders." Id. ¶ 18. No information is provided about who was actually funding the loan, how the alleged misrepresentations took place, or how the alleged misrepresentation adversely affected Anderson.

Anderson claims that invalid, fraudulent, or forged assignments of the Note to third parties were later recorded. Id. ¶ 19. Aside from this conclusory statement, however, the complaint provides no further details about the Note or the alleged assignments. Copies of the Note and allegedly invalid assignments are not attached to the complaint.

The complaint implies that Anderson's home was later foreclosed, although no facts about the foreclosure are provided in the complaint. Anderson alleges that the amounts claimed to be in default were incorrect and/or included charges not permitted by the loan documents. Id. ¶ 20. However, Anderson does not

specify the amount he believed he owed, the charges not permitted by the loan documents, or the total amount he was being incorrectly charged.

Furthermore, Anderson alleges that the Notice of Default ("NOD") falsely stated that the parties listed in the NOD presently held the Note. Id. ¶ 21. He insists that Defendants knew that their clients, who are not identified in the complaint, were not in possession of the Note and had not been assigned the Note. Id. ¶ 22. "In fact, [Anderson believes that] none of the Defendants, or any of their authorized agents, who have played a part in the non-judicial foreclosure proceedings were entitled to receive payment from the loan proceeds, or title to or possession of [his home]." Id. ¶ 23. Anderson therefore alleges that Defendants made false, deceptive, and misleading representations regarding their ability to sue to recover payment due under the Note. Id. ¶ 43.

Anderson has asserted one federal law claim: violation of the Fair Debt Collection Practices Act ("FDCPA"). Anderson has also alleged three state law claims: (1) violation of the Rosenthal Act (Cal. Civ. Code § 1788), (2) violation of California Business & Professions Code § 17200 for unfair and/or fraudulent business practices, and (3) negligent misrepresentation. Defendants filed a motion to dismiss all of Anderson's claims. In his response in opposition, Anderson only appears to have opposed Defendants' attempt to dismiss the FDCPA and Rosenthal Act claims.

**II. LEGAL STANDARD**

To overcome a Rule 12(b)(6) motion, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In evaluating the motion, the court must construe the pleadings in the light most favorable to the non-moving party,

accepting as true all material allegations in the complaint and any reasonable inferences drawn therefrom. See, e.g., Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003). The court should grant Rule 12(b)(6) relief only if the complaint lacks either a "cognizable legal theory" or facts sufficient to support a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A facial challenge to a law does not require further facts to be developed because it only constitutes a question of law. See Fortuna Enters. L.P. v. Los Angeles, 673 F. Supp. 2d 1000, 1003 (C.D. Cal. 2008).

However, allegations of fraud must meet Rule 9(b)'s heightened pleading standards, which requires allegations pertaining to "the who, what, when, where, and how" of the misconduct charged. See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003). When there are multiple defendants, "a plaintiff must, at a minimum, 'identif[y] the role of [each] defendant[] in the alleged fraudulent scheme.'" Swartz v. KPMG LLP, 476 F.3d 756, 765 (9th Cir. 2007) (citations omitted).

## III. DISCUSSION

### A. Fair Debt Collection Practices Act Claim

The FDCPA was passed to prevent abusive debt collection practices, including the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. In addition, the FDCPA prohibits debt collectors from engaging in certain inappropriate communications with consumers (e.g. contact at unusual times or places that are or should be known to be inconvenient) or from otherwise harassing or abusing consumers. See 15 U.S.C. §§ 1692c and 1692d. A debt collector is also prohibited from using unfair practices, such as collecting fees not specified in the agreement

creating the debt, when attempting to collect the debt. See 15 U.S.C. §§ 1692f. The FDCPA applies to debt collectors (rather than creditors), who are defined in 15 U.S.C. § 1692a as those who collect or attempt to collect a debt owed to another entity. However, the FDCPA contains several exceptions to the definition of "debt collector." See 15 U.S.C. § 1692a(6).

In Heintz v. Jenkins, 514 U.S. 291 (1995), the Supreme Court held that the FDCPA "applies to attorneys who regularly engage in consumer-debt-collection activity, even when that activity consists of litigation." See id. at 299. According to the facts pled KTSJ, a law firm allegedly collecting debts on behalf of unspecified clients, and Relph, one of its attorneys, appear to meet the Jenkins definition. However, many pertinent facts are missing from Anderson's complaint, such as the extent of Defendant Relph's involvement, thereby preventing Defendants from asserting possible exceptions to the FDCPA.

Although Defendants could conceivably be debt collectors under the FDCPA, Anderson has not asserted any facts establishing that the Defendants used "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Anderson claims that Defendants allegedly represented clients who had been improperly assigned the Note, but he fails to explain why the assignments of the Note were invalid. Moreover, Anderson fails to detail how, when, where, or on behalf of whom Defendants "threatened to take action, namely engaging in collection activities and collection and foreclosure proceedings as trustees that [allegedly] cannot legally be taken by them . . . ." Compl. ¶ 43. Anderson also claims that the amount his clients owed was incorrect, but he does not explain what amount, if any, was actually owed. Thus, Anderson's complaint does not even provide sufficient details for

Defendants to respond to the complaint and certainly does not meet Rule 9(b)'s heightened pleading standard for claims alleging fraud.

But even if Anderson had successfully pled that Defendants illegitimately attempted to collect on the invalidly assigned Note, he lacks the standing necessary to challenge the Note's assignment "because [he has] not alleged a 'concrete and particularized injury that is fairly traceable to the challenged assignment.'" Silving v. Wells Fargo Bank, NA, 2012 U.S. Dist. LEXIS 5287, at *3 (D. Ariz. Jan. 18, 2012) (quoting In re MERS Litig., 2011 U.S. Dist. LEXIS 117107 (D. Ariz. 2011)); see also Marques v. Fed. Home Loan Mortg. Corp., 2012 U.S. Dist. LEXIS 173988 at *12-13 (S.D. Cal. Dec. 6, 2012).  Nor does a plaintiff "have standing to challenge the securitization of his loan because he is not a party to the [agreement securitizing the loans]." Halajian v. Deutsche Bank Nat'l Trust Co., 2013 U.S. Dist. LEXIS 20341, at *21-22 (citing Junger v. Bank of Am., N.A., 2012 U.S. Dist. LEXIS 23917, at *3 (C.D. Cal. 2012)).  In addition, neither the assignment nor the securitization of Anderson's Subject Loan affects whether Anderson owed money due to his failure to fulfill his payment obligations under the terms of the Subject Loan.  It only affects whom he must pay.

Furthermore, Anderson has not specified whether Defendants engaged in any inappropriate communications, harassment, abuse, or other unfair practices against him.  A conclusory statement by Anderson that such acts occurred without further details is insufficient to survive a motion to dismiss.  Accordingly, the court concludes that Anderson has failed to state any claims under the FDCPA.

**B. State Law Claims**

Because the FDCPA claim has been dismissed, no federal claims remain. Anderson has not asserted existence of diversity jurisdiction.  Under 28 U.S.C.

§1367(c)(3), the court has discretion to dismiss or retain Anderson's remaining state law claims. See Lacey v. Maricopa Cnty., 649 F.3d 1118, 1137 (9th Cir. 2011); Schneider v. TRW, Inc., 938 F.2d 986 (9th Cir. 1991). In making its decision, the court should consider judicial economy, convenience, fairness, and comity. Normally, these considerations "will point toward declining to exercise jurisdiction over the remaining state-law claims." Sanford v. MemberWorks, Inc., 625 F.3d 550, 561 (9th Cir. 2010).

Here, no substantial factors weigh in favor of retaining jurisdiction. The court has not yet expended extensive energy or resources on this case, and the parties have not raised any reason to retain jurisdiction. Comity concerns dictate that these claims should be heard in state court. Therefore, the court declines to determine whether Anderson has validly asserted its three state law claims until he successfully pleads a federal claim.

## IV. CONCLUSION

For the aforementioned reasons, Defendants' motion to dismiss for failure to state a claim is GRANTED with leave to amend. Anderson has until April 30, 2013 to submit a first amended complaint if he so desires.

**IT IS SO ORDERED.**

DATED: April 5, 2013

Jeffrey T. Miller
United States District Judge