Raymundo Pacello, Jr., Esq.
LEGAL BALLER LAW FIRM
INGERSOLL-TUTTON HISTORIC BUILDING
832 Fifth Avenue, Suites 2, 3, 4, & 5
San Diego, CA 92101
Ph: (619) 531-8831
Fax:(619) 374-2975
Email: legalballer@yahoo.com

Attorneys for Plaintiff, Matthew Anderson, Ph.D.

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Matthew Anderson, Ph.D.<br><br>Plaintiff,<br><br>v.<br><br>Kimball, Tirey & St. John, and Christine Relph<br><br>Defendants. | CASE NO. 3:13-CV-253-JM (NLS)<br><br>FIRST AMENDED COMPLAINT FOR CLASS ACTION; AND DEMAND FOR JURY TRIAL |

Matthew Anderson, Ph.D. is informed and believes and thereon alleges the following against defendants, and each of them, *hoc modo*:

I.

**PRELIMINARY STATEMENT**

1. This is an action brought under the FDCPA, 15 U.S.C. §§ 1692k et seq. and seeks, statutory damages, actual damages, punitive damages and attorney's fees. Therefore, this

1

Class Complaint – Anderson

Honorable Court has proper jurisdiction to hear Federal Question matters.

## II.

## INTRODUCTION

2.  At its core, this case is about predatory lending practices, and a covert fraud that permeates the securitization process throughout the U.S.

3.  As will be herein below alleged, the Defendants, and each of them, in this case have participated (tacitly, implicitly, explicitly and/or via other said cognitively deducible means) in fraudulent and deceptive acts, and in so doing, have violated a litany of state and federal securities laws, lending laws, consumer protection laws, and fair debt reporting laws. Plaintiffs, by virtue of this complaint, seek judicial redress for what have thus far-colloquially speaking—"swept under the rug" by the Defendants and each of them.

4.  Plaintiffs' loans were securitized. As is typical when a loan is securitized, the funds Plaintiffs borrowed did not come from any source that Plaintiffs could readily identify. Instead, the money came from "Investors," the identity of whom was concealed by those involved in originating the loan ("Originators"). The Investors involved in the pools into which some of Plaintiff's loans were placed have also filed many lawsuits.

5.  To further perpetrate ruse, artifice, trickery or fanciful fraudulent scheme, the Mortgage Electronic Registration System ("MERS") was created which has ruined the chain of title on millions of properties throughout the U.S. Many state and local governments have filed suit and there are countless class actions pending against MERS. (See e.g., legal action by the State Attorney General of Kentucky [2013]; http://goo.gl/IqkxA).

6.  Securitizers hire law firms such as Defendant, who know or should know collection of loans such as the Subject Loan is improper and routinely conceal information concerning such to the courts. (See, In Re Nosek 544 F. 3d 34 (1st Cir. 2008) California Law Firm sanctioned

tens of thousands of dollars by Massachusetts's appellate court and reported to the California State Bar).

7. The U.S. Supreme Court has found that these law firms may be held liable under the Fair Debt Collection Practices Act. (See, Jerman V. Carlisle, Mcnellie, Rini, Kramer & Ulrich Lpa et al; U.S. Supreme Court, 2010). Subsequent cases have ruled that foreclosure attorneys are liable for falsely claiming that parties to securitization have the right to foreclose when they don't. Wallace v. Washington Mutual et. al. (6th Cir. 2012) and its progeny.

8. The aforementioned preliminary facts and background are plead for that very reason: to provide this Honorable Court with some backdrop behind the crisis to which Matthew Anderson, Ph.D. was victimized by and through.

## III.

## PARTIES

9. Plaintiff, Matthew Anderson, Ph.D. is an individual residing in San Diego, California.

10. Defendant Kimball, Tirey & St. John, is a law firm, with a principal place of business in San Diego, California.

11. Christine Relph, Esq. is an individual attorney, with her principal place of business in San Diego, California.

## IV.

## JURISDICTION AND VENUE

12. This Court has jurisdiction under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k. This Honorable Court also is also the proper forum under the doctrine of Supplemental Jurisdiction—See 28 U.S.C. § 1367. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (c). Plaintiffs' action for declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

# V.

# FACTUAL ALLEGATIONS

13.     Plaintiff MATTHEW ANDERSON, Ph.D. is informed and believes and thereon alleges that the loan at issue in the case at bar was encumbered plaintiff's then residence and/or real property.  Attached to this Complaint and incorporated fully herein as **Exhibit 1** is a true and correct copy of the loan documents in plaintiff's possession, custody or control presently that was purportedly secured to his real estate located at 4001 Shadow Rock Court, Bonita CA 91902-3039.

14.     Plaintiff is further informed and believes and thereon alleges that the Deed of Trust filed with the County Recorder's Office was fraudulently "robo-signed" and used as the predicate to foreclose upon this man's home without just right or merits under the law. Attached to this Complaint and incorporated fully herein as **Exhibit 2** are (a) the true and correctly signed Deed of Trust that was NOT recorded and (b) the patently forged-as it bears plaintiff's incorrect name-and that which WAS recorded without plaintiff's knowledge or consent.  This phenomena is known as "robo-signing."

15.     Plaintiff is additionally informed and believes and thereon alleges that subsequent to said filing noted above, that foreclosure related activity took place to deprive plaintiff Matthew Anderson, Ph.D. of right ownership and possession of his residence on Shadow Rock Court in Bonita.

17.     Plaintiff is further informed and believes and thereon alleges that defendants and each of them sold, parlayed, negotiated, marketed, bundled, and distributed the loan attached as **Exhibit 1** on the open Wall Street and/or secondary negotiable paper markets as MBS aka Mortgage Backed Securities and the actual note purportedly securing said real estate is in what is known as "loan never, neverland" because it cannot be produced to date.

18. Plaintiff is informed and believes and thereon alleges that said Deed of Trust was purportedly assigned to Wells Fargo Bank somewhere in the chain of distribution through a system known as MERS—Mortgage Electronic Recording System. Plaintiff is further informed and believes and thereon alleges that said system was set up by the financial institutions to purport to have some legitimacy behind the foreclosure activity for which they had already been paid for by the Federal Government; commonly known as the "Bail Out Program" approved by Congress using taxpayers money.

19. Plaintiff is moreover informed and believes and thereon alleges that MERS is an illusory artifice to defraud because everyone with scintilla of real property and contract law education knows that an assignment of the Deed of Trust without the supporting note or loan is, well, bogus and void ab initio.

20. Plaintiff is informed and believes and thereon alleges that as and for additional documentary support, attached as **Exhibit 3** is a true and correct copy of the Unlawful Detainer Action, which we request the Court take Judicial Notice and that which was used to unlawfully remove Dr. Anderson from his home.

21. Plaintiff is additionally informed and believes and thereon alleges that Defendants, and each of them, in committing the acts alleged in this Complaint, are engaging in a pattern and practice of unlawful activity.

## VI.

## CLASS ALLEGATIONS

27. This Class Action is being filed by Plaintiff, pursuant to Federal Rule of Civil Procedure 23 on behalf of himself and others similarly situated as against the defendant law firm and attorneys within the meaning of the Fair Debt Collection Practices Act ("FDCPA"), and the Rosenthal Act.

28. The Law Firm Defendants are debt collectors within the meaning of the FDCPA and Rosenthal Act.

29. Plaintiff brings this action on behalf of himself and all other persons similarly situated, as members of a proposed Plaintiff Class. The class that Plaintiff seeks to represent is defined as:

All persons that have been named defendants in unlawful detainer actions by Defendants, where the plaintiff was a purported named beneficiary on a deed of trust or it's purported successor in interest in the state of California.

30. This action has been brought and may properly be maintained as a class action under Rule 23 of the Federal Rules of Civil procedure.

31. This Court may maintain these claims as a class action pursuant to Fed. R. Civ. P. 23(b) (1), 23(b) (2), 23(b) (3), and/or 23(c) (4)(A).

32. Existence of an Identifiable Class - The proposed Class definition is sufficiently definite so that it is administratively feasible for the Court to determine whether a particular individual is a member. Members of the Class may be identified from records maintained by Defendants, various court records and by reviewing the named plaintiffs and defendants in all actions filed by the Defendants.

33. Numerosity of the Class - Fed. R. Civ. P. 23(a) (1): The members of all Classes are so numerous that joinder of all members is impracticable. The precise number of Class members and their addresses are unknown to Plaintiff, but can be obtained from Defendants and from various court records. Class members can be notified of the pendency of this action based on those records, or by any means used by the defendants to notify them of the underlying unlawful detainer suits. The disposition of the claims of the Class members in a single action will provide substantial benefits to all parties and the Court.

34. Existence of Common Questions of fact and Law - Fed. R. Civ. P. 23(a)(2) Plaintiff, as a Class Representative alleges that the questions of law and fact relating to his claims are common to the claims of the class and the claims predominate over any questions affecting solely individual members, in satisfaction of rule 23(a)(2). These common legal and factual questions include:

Whether defendant debt collectors, by collecting the loans and foreclosing and filing unlawful detainer actions, and evicting plaintiff without having an assignment and/or possession of the promissory note, without a proper assignment of the trust deed mortgage, creating and using improper documents created by them to foreclose, and when they knew or should have known of the fraudulent scheme involved in securitization have violated:

- the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692et. seq. by engaging in unfair and unlawful debt collection practices.

- the California Civil Code § 1788 - California Rosenthal Fair Debt Collection Practices Act; and/or California Civil Code § 2924h; and/or

- California Business and professions Code § 17200.

- Whether Plaintiff and Class members have been injured by defendant's conduct;

- Whether Plaintiffs and Class members are entitled to compensatory damages, and the amount of such damages; and

- Whether Plaintiff and Class members are entitled to statutory damages and the amount of such damages.

- Whether Plaintiff and Class members are entitled to legal costs and fees.

35. Typicality - Fed. R. Civ. P. 23(a) (3): Plaintiff's claims are typical of the claims of the Class because defendants initiated suit against him without having an assignment of the note and mortgage, creating fraudulent documents to foreclose, and when they knew or should have

known about the fraudulent recorded documents and scheme of securitization. Furthermore, all members of the Class are similarly affected by defendants' wrongful conduct.

36. Adequacy - Fed. R. Civ. P. 23(a) (3) (4): Plaintiff is an adequate representative of the Class because Plaintiffs' interests overlap and are not in conflict with the interests of the Class. Plaintiff has retained counsel competent in complex litigation, and Plaintiff intends to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiff and his counsel.

37. The class may be certified pursuant to Fed. R. Civ. P. 23(b)(1). Class certification is appropriate pursuant to Rule 23(b)(1) because the prosecution of separate actions by individual members of the classes would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants and/or because adjudications respecting individual members of the classes would be a practical matter, be disparities of the interests of the other members or would risk substantially impairing or impeding their ability to prosecute their interests.

38. The class may be certified pursuant to Fed. R. Civ. P. 23(b)(2). Class certification is appropriate pursuant to Rule 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to all members of the class, thereby making final injunctive relief or declaratory relief as a whole appropriate. Plaintiffs and members of the Class have suffered, and will continue to suffer, harm and damages as a result of Defendants' unlawful and wrongful conduct.

39. The class may be certified pursuant to Fed. R. Civ. P. 23(b)(3). A class action is superior to other available methods for the fair and efficient adjudication of the controversy under Rule 23(b)(3). Absent a class action, most members of the Class likely would find the cost of litigating their claims to be prohibitive, and will have no effective remedy at law. The

8

Class Complaint – Anderson

class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

## VII.

## FIRST CAUSE OF ACTION

*Violation of the FDCPA, 15 U.S.C. § 1692*

*(Against All Defendants)*

40. Plaintiffs hereby incorporate the preceding paragraphs by reference as though fully set forth herein.

41. Except for the Defendant debt collectors named in this cause of action above, Defendants have concealed the roles of the parties and Plaintiff is unsure who the other "debt collectors" of the loan are.

42. Federal law (the FDCPA) prohibits the use of "any false, deceptive or misleading representation or means in connection with the collection of any debt..."

43. In making misrepresentations to the court to aid and abet their clients in foreclosing on Plaintiff's home, the Defendants:

    a.    made false, deceptive and misleading representation concerning their standing to sue the plaintiffs and the interest in the debt;

    b.    falsely represented the status of the debt, in particular, that it was due and owing to defendants at the time suit was filed;

    c.    falsely represented or implied that the debt was owing to defendants as an innocent purchaser for value, when in fact, such assignment had not been accomplished;

d.    threatened to take action, namely engaging in collection activities and collection and foreclosure proceedings as trustees that cannot legally be taken by them, and

44. Securitizers discovered that that the assignments and proper documents to collect the Subject Loans could not actually be located. To solve the problem of missing assignments, and

1  other documents, new assignments were made and recorded. Most of these Assignments
2  including those allegedly affecting the notes and mortgage for Plaintiff's residence contained
3  false statements. The Assignments were prepared by specially selected law firms and companies
4  that specialized in providing "mortgage default services" to banks and mortgage companies and
5  which is the subject of many pending criminal investigations. It is now well established that law
6  firms, including Defendants also "robo-signed" by, *inter alia*, signing the verifications required
7  in Unlawful Detainer actions and other court documents.

8  45.  Assignments were prepared to conceal that no valid or proper assignments of the
9  promissory notes or trust deeds ever occurred.

10 46.  The foregoing acts and omissions of Defendants constitute violations of the FDCPA,
11 including, but not limited to, 1692c, 1692d, 1692e, 1692f, 1692g, and 1692i.

12 47.  Plaintiff is entitled to recover equitable relief, statutory damages, actual damages,
13 reasonable attorney's fees, and costs.

## VIII.

## SECOND CAUSE OF ACTION

## VIOLATION OF CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT ("Rosenthal Act")

### California Civil Code § 1788, et seq.

(Against All Defendants)

20 48.  Plaintiff re-alleges and incorporates herein by reference each and every allegation
21 contained in the above paragraphs of the Complaint herein as though set forth in full.

22 49.  Attorney "Debt collectors" named in this cause of action are subject to the Rosenthal
23 Act.

24
25 50.  Defendants' actions constitute a violation of California Civil Code § 1788 et seq., also
26 known as the Rosenthal Act, in that they threatened to take actions prohibited by law,
27 including, without limitation: falsely stating the amount of a debt; increasing the amount of a
28 debt by including amounts not permitted by law or contract; improperly foreclosing upon the

10

Subject Residence; and using unfair and unconscionable means in an attempt to collect a debt.

51.     Defendants' misconduct has caused Plaintiff to suffer actual damages.

52.     As a result of Defendants' misconduct, Plaintiff is entitled to actual damages and statutory damages in an amount to be determined at trial. Moreover, said Defendants' misconduct was willful, malicious, and outrageous, and therefore punitive damages are warranted and demanded. These remedies under the Rosenthal Act are cumulative under *Gonzalez v. Arrow Financial Services, LLC*, — F.3d —, 2011 WL 4430844 (9th Cir Sept. 23, 2011).

53.     Pursuant to the controlling contractual document(s) and applicable law, Plaintiff is entitled to recover costs and reasonable attorneys' fees.

## IX.

## THIRD CAUSE OF ACTION

### VIOLATIONS OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200

(Against All Defendants)

54.     Plaintiff re-alleges and incorporates herein by reference each and every allegation contained above of the Complaint as though set forth in full.

55.     Defendants committed unlawful, unfair and/or fraudulent business practices, as defined by California Business & Professions Code § 17200, by engaging in unlawful, unfair and fraudulent business practices as alleged herein.

56.     As a result of Defendants' misconduct, Plaintiff has suffered various damages and injuries according to proof at trial.

57.     Plaintiff seeks injunctive relief enjoining Defendants from engaging in unfair business practices described herein.

58.     Plaintiff further seeks restitution, disgorgement of sums wrongfully obtained, costs of

1  suit, reasonable attorneys' fees, and such other and further relief as the Court may deem just
2  and proper.

## X.

## FOURTH CAUSE OF ACTION

## NEGLIGENT MISREPRESENTATION

### (Against All Defendants)

59.   Defendants represented to Plaintiff and the courts that important facts were true. The facts were not true and Defendants had no reasonable basis for claiming they were true at the time they made them.

60.   Defendants intended that Plaintiff rely on the facts.

61.   Plaintiff reasonably relied on the facts until discovering they were false.

62.   Plaintiff was damaged.

## XI.

## PRAYER

WHEREFORE, Plaintiff prays for judgment and order against Defendants, inclusive, as follows:

1. Declaratory judgment that defendants' conduct violated the FDCPA and an injunction prohibiting such acts in the future;
2. An award of compensatory damages;
3. An award of pre-judgment and post-judgment interest;
4. Awarding Plaintiff his costs and expenses in this litigation, including reasonable attorneys' fees and expenses pursuant to 15 U.S.C. §§ 1692k;
5. An order awarding Plaintiff and the Class damages and other compensatory relief as the Court deems proper in the maximum amount allowed by law; including but not limited to actual damages, statutory damages pursuant to 15 U.S.C. § 1692k, and disgorgement, and injunctive relief under California's common and

statutory law of unfair business practices

6. Any other further legal and/or equitable relief to which Plaintiff might be entitled at law or which the Court deems proper, according to proof,

7. Exemplary or punitive damages as may be necessary and appropriate to punish and deter any reprehensible or intentional misconduct.

## XII.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury pursuant to his constitutional right under the 7th Amendment to the United States Constitution.

Venerably submitted,

Raymundo Pacello, Jr., Esq.

LEGAL BALLER LAW FIRM$^{SM}$

Attorney for Plaintiff, Matthew Anderson, Ph.D.